IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KAPITUS SERVICING, INC., )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>VINAY VERMA, *et al.*, )<br>    Defendants. )<br> ) | Civil Action No. 3:23cv295 (RCY) |

**MEMORANDUM OPINION**

This is a breach of contract and fraud case brought by Plaintiff Kapitus Servicing, Inc., wherein Plaintiff alleges Defendants Vinay Verma and Shastri Management, Inc., failed to adequately perform their obligations under a Loan Agreement with non-party Kapitus, LLC. The case is before the Court on Defendant Verma's Motion to Dismiss (ECF No. 4). The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will deny the Motion to Dismiss.

**I. PROCEDURAL HISTORY**

Plaintiff Kapitus Servicing, Inc. ("Plaintiff," or "Kapitus") filed its Complaint in state court on September 22, 2022, alleging that the Defendants Shastri Management, Inc. ("Shastri") and Vinay Verma ("Verma") (together, "Defendants") breached their contract by failing to perform their obligations under a Loan Agreement. Shastri's Notice of Removal ("Shastri Not. Removal") ¶¶ 1–2, ECF No. 5. Defendants both consented to removal of the case to federal court. Shastri Not. Removal ¶ 9. In turn, the matter was timely removed to the Eastern District of Virginia, but was filed in the Alexandria Division; the case was then transferred to the Richmond Division. *See*

1

Shastri Not. Removal ¶ 12; Order, ECF No. 6.  On March 17, 2023, Verma filed a *pro se* Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(3), alleging improper venue.  Verma Mot. Dismiss 1, ECF No. 4.  Shastri filed a Response to the Motion to Dismiss on June 21, 2023, supporting Verma's attempt to have the case dismissed.  Shastri's Resp. Mot. Dismiss 1–2, ECF No. 10.  Plaintiff filed its Response in Opposition to Defendant's Motion to Dismiss on June 22, 2023.  ECF No. 13.  Defendant Verma filed a Response to the Plaintiff's Opposition to Dismiss on July 5, 2023, which the Court considers her Reply.  ECF No. 14.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss a case for "improper venue." Fed. R. Civ. P. 12(b)(3).  Rule 12(b)(3) is the "proper mechanism for defendants seeking to raise an objection to improper venue" under 28 U.S.C. §1406(a). *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 924 (E.D. Va. 2017) (citing *W. Va. Chamber of Commerce v. Browner*, 166 F.3d 336, 1998 WL 827315, at *4 n.6 (4th Cir. 1998)).  Title 28 U.S.C. § 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  When deciding whether to transfer or dismiss, "district courts generally favor transfer over dismissal, unless there is evidence that a case was brought in an improper venue in bad faith or to harass defendants." *Conte v. Virginia*, No. 3:19CV575, 2020 WL 3883251, at *4 (E.D. Va. July 9, 2020) (quoting *Symbology Innovations*, 282 F. Supp. 3d at 935).

In the Fourth Circuit, when facing an improper venue challenge under Rule 12(b)(3) and 28 U.S.C. § 1406, the "plaintiff bears the burden of establishing that venue is proper." *Symbology*

*Innovations*, 282 F. Supp. 3d at 925 (aggregating cases); *Adhikari v. KBR, Inc.*, No. 1:15cv1248, 2016 WL 4162012, at *3 (E.D. Va. Aug. 4, 2016). To survive an allegation of "improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). On such a motion, the Court is "permitted to consider evidence outside the pleadings." *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 366 (4th Cir. 2012). In determining whether the plaintiff has made a prima facie showing, courts "view the facts in the light most favorable to the plaintiff." *Id.* at 356–66.

### III. FACTUAL BACKGROUND

On July 20, 2022, Kapitus LLC entered a Loan Agreement with Shastri and Verma. Shastri Not. Removal, Ex. 2 at 12–18 (hereinafter, "Loan Agreement"), ECF No. 5-2.[1] Per the Loan Agreement, Kapitus LLC was the "Lender," Shastri was the "Borrower," and Verma was the "Guarantor." Loan Agreement 1. Plaintiff Kapitus Servicing, Inc. ("Plaintiff," or "Kapitus") was identified as the "Servicer." Shastri Not. Removal, Ex. 2 at 9–11 (hereinafter, "Loan Summary"), ECF No. 5-2. Other than the material terms of the loan itself, there are two portions of the Loan Summary and Agreement that are particularly relevant for present purposes. First, as indicated in the Loan Summary, "[Kapitus LLC], as Agent, may perform any and all of its duties and exercise its rights and powers by or through any . . . sub-agents." Loan Summary 3. The Loan Summary continues:

> "Kapitus Servicing is the Authorized Sub-Servicing Agent and the General Agent of the Lender. Kapitus Servicing will . . . initiate any necessary collection actions in the event of any default under the Transaction Documents, initiate and defend legal actions related to the Transaction Documents . . . . Any and all authorizations

---

[1] Exhibit 2 to Shastri's Notice of Removal is comprised of Plaintiff's Complaint and its accompanying attachments. *See generally* Shastri Not. Removal Ex. 2, ECF No. 5-2. Two of these attachments are the "Loan Summary" on pages 9–11, as well as the "Loan Agreement" itself, on pages 12–18. These documents will be referenced throughout and cited according to their internal page and/or paragraph numbers, rather than according to the page numbering assigned by CM/ECF.

>  and/or rights granted to Lender under the Transaction Documents are granted to Kapitus Servicing, as servicer and general agent of the Lender.

*Id.* Inserting the relevant parties and documents into the language above, the Loan Agreement therefore permits Kapitus LLC to assign and/or exercise its rights and powers under the agreement through any agents. *See generally id.* at 1–3. In turn, Plaintiff was identified as one such agent. *See id.*

The next relevant portion of the Loan Agreement comes in paragraph 1.17 of the Agreement itself. Paragraph 1.17 is entitled "Consent to Jurisdiction and Venue," and reads:

> Borrower and Guarantor agree that any suit, action or proceeding to enforce or arising out of the Transaction Documents shall be brought in any court in the Commonwealth of Virginia or in the United States District Court for the Eastern District of Virginia (the "Acceptable Forums"). Borrower and Guarantor agree that the Acceptable Forums are convenient to them, submit to the jurisdiction of the Acceptable Forums and waive any and all objections to jurisdiction or venue.

Loan Agreement 2. Once again inserting the relevant parties and documents into the language above, this paragraph indicates that Shastri and Verma agreed that any Virginia state court, or any court in the United States District Court for the Eastern District of Virginia, would be proper forums for suits arising out of the Loan Agreement. *See id.* This paragraph also indicates that the parties (1) agreed that such forums would be convenient, and (2) waived any potential objections to venue. *See id.*

On July 25, 2022, Plaintiff fulfilled its obligations under the Loan Agreement by advancing the specified amount to Defendants. Compl. ¶ 12, ECF No. 5-2. To date, neither Defendant has successfully made any payment to Plaintiff under the Loan Agreement. *Id.* at ¶¶ 13–14. Pursuant to the acceleration clause of the Loan Agreement, Plaintiff therefore initiated this action primarily to accelerate all unpaid amounts and fees of the loan. *Id.* at ¶¶ 16–21.

## IV. DISCUSSION

Defendant Verma argues that venue is improper in the Eastern District of Virginia because "the Plaintiff filed the civil action in a Virginia Court, and the defendant is a citizen of Maryland." Mot. Dismiss 1. Defendant Shastri supports Verma's venue argument, contending that "[Plaintiff] relies on difficult to read language in its paperwork" to establish venue in Virginia. Shastri's Resp. Mot. Dismiss 1. In response, Plaintiff first notes that it was in fact Defendants who removed this matter to the Eastern District of Virginia in the first place, thus waiving any venue objection. Pl.'s Resp. Mot. Dismiss ("Pl.'s Opp'n") 1, ECF No. 13. Alternatively, Plaintiff argues that the Loan Agreement at the center of the dispute lays venue in any court in the Commonwealth of Virginia, including the United States District Court for the Eastern District of Virginia. *Id.* at 2. Finding that the forum selection clause in the Loan Agreement is enforceable, the Court agrees with Plaintiff that venue is indeed proper in the Richmond Division of the Eastern District of Virginia.

Federal courts interpreting forum selections clauses must apply federal law in doing so. *Albemarle Corp. v. AstraZeneca UK Ltd*, 628 F.3d 643, 650 (4th Cir. 2010). Such is the case even when federal courts are sitting in diversity. *See id.*; *accord Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) ("We therefore hold that in this diversity suit, the enforceability of the forum selection clause is governed by federal law"); *Manetti-Farrow, Inc. v. Gucci Am., Inc*, 858 F.2d 509 (9th Cir. 1988) ("[F]ederal rules . . . control enforcement of forum [selection] clauses in diversity cases . . . [and] because enforcement of a forum [selection] clause necessarily entails interpretation of the clause before it can be enforced, federal law also applies to interpretation of forum selection clause"). This is because forum selection clauses are "agreement[s] to modify or waive the venue of a federal court . . . [and therefore] implicate[] . . . a procedural matter governed by federal law—the proper venue of the court." *Albermarle*, 628 F.3d at 650. In turn, federal

courts presumptively favor enforcement of forum selection clauses, so long as they are not unreasonable. *See id.* at 649, 651.

Turning to the facts of this case, the Court has no issue finding that the forum selection clause at issue is reasonable and enforceable. The forum selection clause reads as follows, with the names of the relevant parties inserted into the contract language:

> [Shastri] and [Verma] agree that *any suit*, action or proceeding to enforce or *arising out of the [Loan Agreement] shall be brought in* any court in the Commonwealth of Virginia or in the *United States District Court for the Eastern District of Virginia* (the "Acceptable Forums"). *[Shastri] and [Verma]* agree that the Acceptable Forums are convenient to them, submit to the jurisdiction of the Acceptable Forums and *waive any and all objections to jurisdiction or venue.*

Loan Agreement ¶ 1.17 (emphasis added). This paragraph appears on the second page of the executed Loan Agreement, and is entitled "Consent to Jurisdiction and Venue." *Id.* The language in this paragraph clearly establishes that (1) venue is proper in the United States District Court for the Eastern District of Virginia and (2) Defendants waived any objections to venue. The Court will therefore give effect to the parties' selection of the relevant forum unless it would be unreasonable to do so.

Under controlling precedent, a forum selection clause may be found unreasonable if: (1) its formation was induced by fraud or overreaching; (2) the complaining party will be practically be deprived of her day in court because of the sheer inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive that party of a remedy; or (4) the enforcement of the clause would contravene a strong public policy of the forum state. *See Albemarle Corp.*, 628 F.3d at 651 (quoting *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996)). Neither Verma nor Shastri argue that any of these "unreasonableness" factors apply, and for good reason—there is no evidence to support any such argument.

There are no indications of fraud or overreaching in the formation of the Loan Agreement. *See Int'l Specialty Servs. v. Willis Ins. Servs. Ga. Inc.*, 515 F. Supp. 3d 374, 381 (D.S.C. 2021) (suggesting that where an agreement is freely negotiated and there is no extreme disparity in bargaining power or evidence of undue influence, this unreasonableness factor will be inapplicable). No parties risk being deprived of their day in court because there is nothing fundamentally unfair about having proceedings in a nearby state and district in which Defendants voluntarily agreed to appear beforehand.[2] And finally, Defendants have made no showing of either significant public policy concerns or fundamental unfairness in the applicable law that would render the instant forum selection clause unreasonable. *See Grant v. State Nat'l Ins. Co.*, 586 F. Supp. 3d 503, 511 (D.S.C. 2022) (noting that (1) the parties challenging venue or the applicability of a forum selection clause bear the burden of establishing its unreasonableness, and (2) the law merely being less favorable in one state does not rise to the level of fundamental unfairness required to render a forum selection clause unreasonable).

Rather than attacking the forum selection clause as unreasonable, Verma and Shastri instead combine to raise two[3] main arguments in support of the Motion to Dismiss. Verma, on the one hand, cites 28 U.S.C. § 1391(b)(1) to argue that venue is improper in the Eastern District of Virginia because Verma is a citizen of Maryland. Mot. Dismiss 1. Shastri, on the other hand,

---

[2] Additionally, Verma and Shastri are citizens of Maryland—a state that borders Virginia. *See* Shastri Not. Removal ¶ 4. It would betray common sense to suggest that being required to travel to a bordering state for litigation is fundamentally unfair, particularly when a party agreed in advance to do just that.

[3] Verma raises some additional venue arguments in her Reply, all of which generally assert that Plaintiff is a third-party with no standing to enforce the Loan Agreement. *See* Reply 1–4. Such arguments are plainly belied by the Loan Summary, which states that "[Kapitus LLC] . . . may perform any and all of its duties and exercise its rights and powers by or through any . . . sub-agents. [Plaintiff] is the Authorized Sub-Servicing Agent and the General Agent of [Kapitus LLC]. [Plaintiff] will . . . initiate and defend legal actions related to the [Loan Agreement], and provide legal support and collection services to [Kapitus LLC]. Any and all authorizations and/or rights granted to Lender under the [Loan Agreement] are granted to [Plaintiff], as servicer and general agent of [Kapitus LLC]." Loan Summary 3. Pursuant to this language, Plaintiff clearly holds the right to initiate legal actions—such as this—to enforce the Loan Agreement. All of Verma's arguments to the contrary must therefore fail.

contends that Plaintiff "relies on difficult to read language in its paperwork as to the subject loan" to establish venue in Virginia, when venue is instead appropriate in Maryland.  Neither argument is a winning one.

As to Verma's argument, she is indeed correct that § 1391(b)(1) renders venue proper in a judicial district in which any defendant resides, if all defendants are residents of the state encompassing said district.  28 U.S.C. § 1391(b)(1).  However, merely failing to satisfy § 1391(b)(1) does not render venue improper, as it is not the only subsection of that statutory provision.  See § 1391(b).  Indeed, § 1391(b)(2)—which would likely apply here, but for the forum selection clause—renders venue proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).  Here, both Plaintiff and the Lender, Kapitus, LLC (which permissibly assigned its enforcement rights in the Loan Agreement to Plaintiff), are located in Virginia.  Loan Summary 1–3. Additionally, as Plaintiff notes, the Lender makes all final credit decisions from its office in Virginia, the loan itself was made in Virginia, and payments are not accepted until received by the Lender in Virginia.  Pl.'s Opp'n 2.  In short, even if there were no forum selection clause to control here, it is likely that a sufficient portion of the events happened in this district, so as to render venue proper here.

Turning to Shastri's argument, it simply is not the case that the forum selection clause language is "difficult to read."  Instead, the clause clearly outlines that any court in Virginia, including any court within the Eastern District of Virginia, is a proper forum.  And in any event, "ease of reading" is not one of the factors considered in the unreasonableness inquiry outlined above.  See Albemarle Corp., 628 F.3d at 651 (quoting Allen v. Lloyd's of London, 94 F.3d 923,

928 (4th Cir. 1996)). Absent a more severe showing of fraud, overreaching, fundamental unfairness, or compelling public policy rationale, Shastri's argument must likewise fail.

## V. CONCLUSION

For the reasons detailed above, Defendant's Motion to Dismiss (ECF No. 4) will be denied. An appropriate Order shall issue.

/s/ RCY<br>
Roderick C. Young<br>
United States District Judge

Richmond, Virginia
Date: December 19, 2023